

**FILED**

**Margaret Botkins**
**Clerk of Court**

9:30 am, 1/16/26

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

**ADAM J. DOHERTY**,

    Plaintiff,

vs.

**THOMAS GEORGE, SUSAN GEORGE, GERALD SCHNEIDER**, and **MOUNT CARMEL YOUTH RANCH**,

    Defendants.

Case No.  25-CV-199-KHR

### ORDER DENYING PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY AND FOR PERMISSION TO REDACT SENSITIVE INFORMATION

**THIS MATTER** comes before the Court on Plaintiff's *Motion to Proceed Pseudonymously and Permission to Redact Sensitive Information in Plaintiff's Documents* (the "*Motion*"). ECF No. 3. The Court, having reviewed the *Motion* and being fully advised in the premises, **DENIES** the *Motion*.

Comporting with the fundamental presumption of open and available judicial proceedings, the Federal Rules of Civil Procedure require pleadings to use the real names of all real parties in interest. FED. R. CIV. P. 10(a), 17(a) ("An action must be prosecuted in the name of the real party in interest."). "When a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001). Proceeding under a pseudonym in

federal court is, "by all accounts, an unusual procedure." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (internal citation omitted); *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998). The Tenth Circuit has further recognized that there does not "appear to be any specific statute or rule supporting the practice." *Femedeer*, 227 F.3d at 1246.

Nevertheless, the Tenth Circuit has acknowledged that "there may be exceptional circumstances warranting some form of anonymity in judicial proceedings." *Id*. Exceptional circumstances exist where a case involves matters of a highly sensitive and personal nature. *Id*. Whether to permit a party to proceed under a pseudonym is within the district court's discretion. *M.M. v. Zavaras*, 139 F.3d at 802.

> A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Id*. (citing *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir.1992). The Tenth Circuit has held that it is proper to weigh the public interest in determining whether some form of anonymity is warranted. *Femedeer*, 227 F.3d at 1246.

Plaintiff claims that this case "involves sensitive claims under the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. §§1589, 1590, 1595, 2255, alleging trafficking and forced labor as a minor in 2012, resulting in physical injuries." ECF No. 3 at ¶1. He further contends that public disclosure of his "full name, address, phone, and email risks retaliation, safety, and re-traumatization, outweighing public interest." *Id*. at ¶2.

Plaintiff's arguments do not meet the high pseudonymity bar reserved for "exceptional cases" involving "matters of a highly sensitive and personal nature" or a "real danger of physical harm." *Femedeer*, 227 F.3d at 1246 (internal citation omitted). Plaintiff offers no evidence or particularized facts demonstrating that his privacy interests outweigh the public's significant interest in open judicial proceedings. *Doe v. Weber State Univ.*, 2021 WL 5042849, at *4-5 (D. Utah Oct. 29, 2021) (declining to apply pseudonymity where the adult plaintiff provided "no information, evidence, or particularized facts supporting" her claim); *see also Signature Mgmt. Team, LLC v. Doe*, 323 F. Supp. 3d 954, 957 (E.D. Mich. 2018) ("The public has a right to know who the parties are in almost every case before a federal district court as a matter of public confidence in and understanding of the judicial system.") (internal citation omitted); *Mass. Inst. of Tech.*, 46 F.4th 61, 69 ("A judicial system replete with Does and Roes invites cynicism and undermines public confidence in the courts' work."); *Roe v. Does 1-11*, 2020 WL 6152174, at *3 (E.D.N.Y. Oct. 14, 2020) ("Allowing a plaintiff to proceed anonymously may also hamper witnesses coming forward of their own volition to either bolster or refute a plaintiff's allegations.").

Plaintiff's circumstances are also not exceptional. *See e.g., Doe v. Kamehameha Sch/Bernice Pauahi Bishop Est.*, 596 F.3d 1036 (9th Cir. 2010) (denying anonymity to minor plaintiffs in a suit challenging school's race-based admission policy despite plaintiffs' claimed fears of physical harm if their names were disclosed); *Doe v. Weber State Univ.*, 2021 WL 5042849, at *4-5 (D. Utah Oct. 29, 2021) (noting that the plaintiff's sexual misconduct allegations "all relate[d] to how [the public university] addressed, or failed to address, [her] complaints").

Plaintiff must show that he faces a "real, imminent personal danger" sufficient to overcome the "public's interest in open court proceedings." *See Femedeer*, 227 F.3d at 1246; *Sherman v. Trinity Teen Solutions, Inc.*, 339 F.R.D. 203, 206 (D. Wyo. 2021); *see e.g., Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1066-67 (9th Cir. 2000) (allowing anonymity where textile-worker-plaintiffs presented significant evidence of retaliation by blacklisting and legitimately "fear[ed] extraordinary retaliation, such as deportation, arrest, and imprisonment"). Plaintiff has not done so here. Accordingly, Plaintiff has not carried his burden to justify the extraordinary relief of proceeding under a pseudonym.

Plaintiff also requests permission to redact his "full name, address, phone, and email," [ECF No. 3 at ¶ 2] from filings on the public docket. Federal Rule of Civil Procedure 11(a) requires that every pleading be signed and include the signer's address, e-mail address, and telephone number. Although the Federal Rules and this Court's local rules provide mechanisms to protect certain personal information from public disclosure, such relief is not automatic and must be sought in compliance with the applicable rules. *See* FED. R. CIV. P. 5.2; U.S.D.C.L.R. 5.1(g). On the present record, Plaintiff has not shown good cause to redact or restrict identifying information from the public docket. Accordingly, this request is **DENIED**. Should Plaintiff believe that specific filings or information warrant redaction, he may file a properly supported motion under U.S.D.C.L.R. 5.1(g), at which time the Court will consider such a request.

## Conclusion

For the foregoing reasons, Plaintiff has failed to demonstrate a real and imminent threat of personal harm sufficient to outweigh the public's interest in open judicial proceedings. In addition, Plaintiff has failed to demonstrate a basis to redact his identifying information from the public docket. Accordingly, if Plaintiff elects to proceed with this action, he must do so under his true name and provide his identifying information as required under Fed. R. Civ. P. 11(a). Plaintiff's *Motion* [ECF No. 3] is therefore **DENIED**.

Dated this 16th day of January, 2026.

_____
Scott P. Klosterman
United States Magistrate Judge